UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Theresa Willcox,  Civil No. 06-3038 (PAM/JSM)

                Plaintiff,

v.  **MEMORANDUM AND ORDER**

Liberty Life Assurance Company
of Boston,

                Defendant.

___

This matter is before the Court on several Motions. For the reasons that follow, the Court remands Plaintiff's long-term disability benefits claim to Defendant for re-determination. The Court therefore denies without prejudice the cross-Motions for Judgment, and denies as moot Defendant's Motion to Strike the Affidavit of Attorney John M. Gearin and Defendant's Motion for Leave to File Rebuttal Exhibits.

**BACKGROUND**

Plaintiff Theresa Willcox seeks long-term disability benefits from Defendant Liberty Life Assurance Company of Boston under an employee welfare benefit plan governed by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 et seq. She contends that she has an L5 radiculopathy that prevents her from full-time employment.

In March 2003, Willcox was involved in an automobile accident and suffered pain primarily in her lower back and radiating into her left leg. Willcox did not request disability benefits immediately after the accident. However, because her pain persisted, Willcox underwent an L5-S1 fusion surgery in November 2004. In anticipation of her surgery,

Willcox applied for long-term disability benefits on October 27, 2004. In her telephonic intake, Willcox stated that she suffered from a herniated disc in her lower back. Liberty Life provisionally approved the request, pending the receipt and full review of medical records.

Willcox returned to work on February 1, 2005, working approximately four hours a day. On May 18, 2005, Willcox reported to her physician that the surgery successfully reduced her back pain, which she described as "markedly improved." (DEF 0219.) However, Willcox also reported that "she continues to have left lower extremity pain, although this was also found preoperatively." (Id.)

Willcox received long-term disability benefits from May 21, 2005 to January 20, 2006.[1] During this period, Liberty Life assessed her eligibility for benefits. On August 14, 2005, Willcox provided Liberty Life information about her extreme leg pain and weakness, as well as her treatment. (DEF 0464-0465.) She also informed Liberty Life that she sought long-term disability benefits for a partial disability, as she was able to work five to six hours per day. (Id.)

On January 16, 2006, Liberty Life referred Willcox's claim file to Dr. David Marks, a neurologist. Based on his review, Dr. Marks advised Liberty Life that the medical records did not substantiate the limitation of part-time employment:

> In review of the available medical documentation from a neurological perspective, as of May 21, 2005, Ms. Willcox was fully capable of returning to work in a full time fashion. Part time work hours since May 21, 2005 are

---

[1] Blue Cross Blue Shield of Minnesota, Willcox's employer, provided short-term disability benefits from November 22, 2004 to May 21, 2005.

>  not supported or indicated. Ms. Willcox, as of May 21, 2005, was able to work in her job as a claims adjustor for Blue Cross Blue Shield on a full time basis. Her job was of a completely sedentary nature and following the spinal surgery she had no lower back pain and her main symptom was left leg pain. As indicated above, there is no objective evidence for a radiculopathy and no electrodiagnostic documentation for active radiculopathy. Her neurological examination was normal and she has no focal weakness. Therefore, Ms. Willcox was able to sit and perform her duties without any restrictions. She had had the left leg pain for many years, and . . . the lower back pain improved following the surgery. Prior to the surgery, Ms. Willcox was working full time with the previous leg symptoms and there is no medical contraindication on why she would have been unable to return to full time work hours as of May 21, 2005.

(DEF 0173-0174.)

Thereafter, Liberty Life determined that Willcox did not qualify for long-term disability benefits. Willcox appealed the adverse decision. In support of her appeal, Willcox submitted a February 9, 2006 report from her treating physician, who opined that Willcox had a partial, permanent disability, which caused "continued restrictions including light and/or sedentary duty activity." (DEF 0157-0158.) The report neither discussed an L5 radiculopathy nor expressly imposed a reduced-hour work restriction.

As part of the appeal process, Liberty Life reviewed a copy of the job description for the position Willcox held with her employer. Relying on the Directory of Occupational Titles, Liberty Life determined that Willcox's position was sedentary in physical demand. Based on this determination, as well as on Dr. Marks's opinion, Liberty Life denied long-term disability benefits on May 15, 2006.

Willcox commenced this action under 29 U.S.C. § 1132 to challenge the denial. The parties filed cross-Motions on the issue of whether Liberty Life abused its discretion by

denying the benefits.  In support of her position, Willcox submitted numerous exhibits that provide medical information about her alleged disability.  Some of the exhibits provide medical definitions or diagrams; others are medical journal articles Willcox uses to purportedly establish medical facts.  (See, e.g., Mem. in Support of Pl.'s Mot. for Summ. J. at 5 (citing Exhibit 8 to support statement that "EMGs are known to return false negatives relative to radiculopathies . . . approximately 30% of the time.").)  Notably, Willcox did not submit any of the documents to Liberty Life in support of her administrative claim or appeal.

Liberty Life responded to the submission of new evidence in three ways.  First, it moved to strike the exhibits since they were not part of the administrative record and therefore not relied upon when making the eligibility determination.  Second, it moved to submit rebuttal exhibits that purportedly contradict some of the exhibits on which Willcox relies.  Third, Liberty Life suggested that the Court remand the claim to Liberty Life for consideration of the exhibits.

**DISCUSSION**

Generally, it is proper to exclude evidence that was not submitted to the insurance provider during the administrative review.  See Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan, 476 F.3d 626, 630 (8th Cir. 2007) (district court abused its discretion by considering documents that were not submitted as part of the administrative record because the claimant did not show good cause for the omission).  However, Liberty Life has offered an alternative solution, which the Court believes is a prudent and equitable course of action.

Remand will allow both parties to fully develop the issue of whether Willcox suffers from an L5 radiculopthy that renders her disabled. In addition, remand will allow the administrator to consider the evidence submitted to the Court but not presented to the administrator. Otherwise, the Court would be acting as a claims administrator by determining what Liberty Life's decision would have been had it been aware of the information in the exhibits at the time it made the benefits determination. Contrary to Willcox's assertion that the Court should award her benefits now, the Court's responsibility is to determine whether Liberty Life's denial of benefits was an abuse of discretion—not whether Willcox was, in the Court's view, entitled to disability benefits. Remand under these unique circumstances is consistent with the fact that Congress did not intend federal district courts to function as substitute plan administrators.

**CONCLUSION**

Because both parties rely on evidence outside the administrative record, remand for consideration of that evidence is appropriate. Accordingly, **IT IS HEREBY ORDERED** that:

1. Willcox's long-term benefits claim is **REMANDED** to Liberty Life for further administrative review:

    a. Within thirty days of this Order, Willcox shall submit the following to the Liberty Life for administrative review:

        i.        The exhibits attached to the April 23, 2007 Affidavit of John M. Gearin and the exhibits attached to the May 17, 2007 and May 21, 2007Affidavits of David B. Ketroser; and

        ii.       All other evidence relating to her claim that she is entitled to long-term disability benefits;

    c.    Within sixty days of this Order, Liberty Life shall submit the following for administrative review:

        i.        The rebuttal exhibits attached to the May 29, 2007 Affidavit of Robert M. Wood; and

        ii.       All other evidence responding to Willcox's claim that she is entitled to long-term disability benefits;

2.    This action is **STAYED** pending a final decision by Liberty Life:

    a.    The hearing on oral argument scheduled for 2:00 p.m. on Tuesday, June 12, 2007 is **CANCELLED**;

    b.    Within thirty days of a final decision by Liberty Life, the parties may move to lift the stay and renew their dispositive motions based solely on the administrative record and not supplemented by extraneous authorities;

3.    Liberty Life's Motion for Judgment (Docket No. 24) is **DENIED without prejudice**;

4. Willcox's Motion for Summary Judgment (Docket No. 29) is **DENIED without prejudice**;

5. Liberty Life's Motion to Strike the Affidavit of Attorney John M. Gearin (Docket No. 40) is **DENIED as moot**; and

6. Liberty Life's Motion for Leave to File Rebuttal Exhibits (Docket No. 53) is **DENIED as moot**.


Dated: June 5, 2007

                 s/ Paul A. Magnuson
                 Paul A. Magnuson
                 United States District Court Judge