UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Theresa Willcox,                                     Civil No. 06-3038 (PAM/JSM)

               Plaintiff,

v.                                                                       **ORDER**

Liberty Life Assurance Company of
Boston,

               Defendant.

---

This matter is before the Court on Defendant Liberty Life Assurance Company of Boston's request for permission to file a motion that the Court reconsider its Order of June 5, 2007.

The June 5, 2007 Order related to cross-motions for summary judgment on the issue of whether Defendant Liberty Life Assurance Company of Boston abused its discretion by denying long-term disability benefits to Plaintiff Theresa Willcox. In her motion, Willcox argued that evidence in the administrative record showed that she was disabled due to an L5 radiculopathy. She also relied on affidavits and numerous exhibits that were not part of the administrative record. Liberty Life moved to strike one of the affidavits and its exhibits. It also requested leave to submit its own exhibits, which were also not part of the administrative record. In addition, Liberty Life stated the following:

> [I]f the Court has concerns that the L5 issue should, under all the circumstances, be more fully developed, Liberty Life submits the proper course would be for the Court to stay the action and remand the matter to Liberty Life for development of a complete administrative record regarding

> that specific issue. Although Liberty Life denies a remand is necessary in this case due to any failure on its part, a remand to fully develop the administrative record on an issue not addressed by the decisionmaker is clearly the preferred course under Eighth Circuit precedent. In such case, it would be appropriate to permit Plaintiff a defined period (e.g., 30 days) to submit the documents now relied upon in this action to Liberty Life, with a defined period thereafter (e.g., 45 days) for Liberty Life's response. If the benefits remain denied, the Parties could then come back to this Court with a record which is not supplemented by extraneous authorities and conclusory legal arguments.

(Def.'s Reply Mem. in Support of Mot. for J. at 16-17 (internal citations omitted).)

Because both parties were attempting to rely on evidence outside the administrative record, the Court determined that remand was appropriate. Liberty Life now asks the Court to reconsider its decision, contending that the exhibits submitted by Willcox should not be considered.

The Court is baffled by the request, as it followed the explicit suggestion of Liberty Life. The Court recognized that it could exclude documentation not presented during the administrative review.[1]  (June 5, 2007 Order at 4 (citing Rittenhouse v. UnitedHealth Group Long Term Disability Ins. Plan, 476 F.3d 626, 630 (8th Cir. 2007)). However, the Court found that remand was appropriate so the administrator could consider evidence submitted to the Court but not presented to the administrator. Because remand would not be a useless formality, the Court found it a prudent and equitable

---

[1] The Court notes that Liberty Life's motion to strike the affidavit was improper, as the motions to strike affidavits, reports, or exhibits submitted in connection with a summary judgment motion are not authorized by either the Federal Rules of Civil Procedure or the local rules of this Court. See Carlson Mktg. Group, Inc. v. Royal Indem. Co., No. 04-3368, 2006 WL 2917173, at *2 (D. Minn. Oct. 11, 2006) (Schiltz, J.).

2

course of action. Liberty Life has not established the "compelling circumstances" necessary for a motion to reconsider under Local Rule 7.1(g). Rather, it exemplifies the old adage: "Be careful what you wish for." Accordingly, the Court denies Liberty Life's request on that point.

Liberty Life also requests that the Court modify the deadlines set forth in the June 5, 2007 Order, which required Liberty Life to submit all evidence for administrative review within sixty days of the Order. Liberty Life's request for modification is premature, as one cannot tell whether Liberty Life will need the additional time it now requests. It therefore fails to establish "compelling circumstances" on this point as well. However, the Court will allow Liberty Life to request an extension if necessary for good cause shown.

Dated:  June 26, 2007

s/ Paul A. Magnuson<br>Paul A. Magnuson<br>United States District Court Judge